# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30373

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2015

Lyle W. Cayce
Clerk

KENTRELL HARRELL,

Petitioner−Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent−Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-989

Before SMITH, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Kentrell Harrell was convicted of second-degree murder. His petition for writ of habeas corpus was denied, but the district court issued a certificate of appealability ("COA") on his claim that there was insufficient evidence to support the conviction. Because there was sufficient evidence to convince a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30373

rational jury that Harrell was guilty of second-degree murder, we affirm.

I.

In 2003, Caprice Anderson was shot and killed in New Orleans.[1]  Her boyfriend, Harrell, was convicted of second-degree murder and sentenced to life imprisonment. He appealed on several grounds, including the sufficiency of the evidence that he was the person who shot Anderson, but the court of appeal held that the evidence was sufficient.

Harrell filed for federal habeas relief. The district court denied habeas on his claim that his conviction was not supported by sufficient evidence, but it granted a COA on the issue.  Specifically, Harrell challenges that there was sufficient evidence to convince a rational trier of fact that he was the person who shot Anderson.

A sufficiency-of-the-evidence challenge to a state conviction must overcome a doubly deferential standard of review.  First, "[t]he evidence is sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Parker v. Matthews*, 132 S. Ct. 2148, 2152 (2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Second, "a state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas review unless the decision was 'objectively unreasonable.'" *Id.* (quoting *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011)).

II.

Harrell contends that no evidence at trial established that he was the

---

[1] The facts are taken from the Louisiana appellate court's statement of the facts in its decision affirming the conviction.  *See State v. Harrell*, 965 So. 2d 479 (La. App. 4th Cir. 2007), *writ denied*, 978 So. 2d 305 (La. 2008).

perpetrator. There is ample evidence, however, from which the jury could draw the conclusion that Harrell shot Anderson. An examination of just some of the evidence shows that a rational jury could have been convinced beyond a reasonable doubt.

The jury was presented with evidence that Harrell had previously beaten Anderson, had fought with her the night before the shooting, and had recently threatened to kill her. Anderson was planning to meet Harrell at the time of the shooting to return his possessions, and she was afraid he would become violent. A search of her car after the shooting produced possessions that most likely belonged to Harrell, indicating that she was indeed making a trip to meet him. Testimony from Anderson's cousin indicated that Anderson thought that meeting Harrell would be dangerous.

The first witness on the scene, arriving mere seconds after hearing the gunshot, saw Harrell near Anderson's body. The first and second witnesses observed Harrell attempt to enter Anderson's car before departing on foot. He was apprehended several blocks away later in the evening. Before invoking his right to counsel, Harrell said, "You won't be able to prove I killed her." The police had not informed Harrell before this that there had been no witnesses. A search of Harrell's house produced ammunition of the same caliber and manufacturer as had been used to kill Anderson.

The evidence could have convinced a rational jury, beyond a reasonable doubt, that Harrell shot Anderson. His past actions toward her and her worries that he would become violent, his presence on the scene immediately after the shooting, his decision immediately to leave the scene, and his knowledge that there had been no witnesses support an inference that he was the shooter.

Harrell makes much of the fact that there was no eyewitness and that no one saw him holding a gun afterwards. But though our review of the

No. 14-30373

sufficiency of the evidence is more demanding than is an evaluation of whether there is any evidence,[2] we still must recognize the role of the jury as the weigher of evidence and finder of fact. The lack of an eyewitness does not exculpate Harrell, and a case strong enough to convince a rational jury beyond a reasonable doubt could be built with even less witness testimony than what was presented here. Likewise, although the witnesses did not testify that Harrell had a gun, the rest of the evidence could convince a rational jury that Harrell, empty-handed at the time of his sighting, had shot Anderson and then concealed or disposed of the weapon. Even if the lack of an eyewitness and the nonrecovery of the murder weapon could create an inference that someone other than Harrell shot Anderson, we must defer to the resolution of conflicting inferences that favors the prosecution. *See Cavazos*, 132 S. Ct. at 6.

The same analysis applies with equal force to Harrell's contention that suspects identified over the police radio could have been the perpetrators. That theory was presented to the jury, which plainly decided that the prosecution had provided sufficient evidence to show that those other, early suspects, to whom very little evidence pointed, did not create a reasonable doubt about the identity of the shooter. Given the plethora of evidence implicating Harrell, that was not an irrational conclusion.

AFFIRMED.

---

[2] *See Jackson*, 443 U.S. at 316 (rejecting the "no-evidence doctrine" approach to sufficiency challenges).

4